112 N.J. Super. 433 (1970)
271 A.2d 609
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALVEY CHAUNCEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1970.
Decided December 7, 1970.
*434 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. I. Mark Cohen, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Kenneth C. Krause, Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Hudson County Prosecutor, attorney).
PER CURIAM.
A jury found defendant guilty of carnal abuse (N.J.S.A. 2A:138-1) and he was sentenced to a State Prison term of 12-15 years. His motion for a new trial having been denied, this appeal followed.
The defense moved for a judgment of acquittal at the close of the State's case. It was denied; the defense *435 rested and renewed the motion, which was again denied. At defendant's specific request, the Public Defender now argues that the trial judge erred in denying the motions because the State had not actually proved a case of carnal abuse but, at best, an attempt at cunnilingus. The argument lacks merit. The proofs presented by the State were sufficient to allow the case to go to the jury, in that the evidence, viewed in its entirety, including the legitimate inferences that could be drawn therefrom, was sufficient to enable a reasonable jury to find that the crime charged had been established beyond a reasonable doubt. State v. Mayberry, 52 N.J. 413, 436-437 (1968).
Defendant also claims that it was error to allow the indictment into the jury room because of its possible prejudicial effect. Cited in support is the Comment to R. 1:8-8 in the Rules Governing the Courts (1969 rev.) (Gann Law Books ed.). R. 1:8-8 became effective on September 8, 1969, eight days before defendant's trial. Insofar as its application to criminal cases is concerned, the rule states that the jury "may take into the jury room the exhibits received in evidence * * *." The source rule is former R.R. 4:52-2, which dealt with the practice in civil cases; there was no rule applicable to criminal causes. The Comment referred to by defendant reads:
The text of this rule is substantially the same as that proposed by the tentative draft rule which in turn made only minor language changes in the source rule. The rule, in conformance with present practice, is applicable to criminal actions as well as to civil actions although there is no comparable provision in respect of criminal actions in the source rule. It is noted that the tentative draft rule provision permitting the jury to take the indictment into the jury room is omitted from this rule because of its capacity for prejudice. The indictment itself adds nothing to the proofs and weight may be improperly accorded to the fact that the grand jury has acted.
Whatever the logic that moved the rules committee to omit from its tentative draft rule the provision permitting a jury to take the indictment into the jury room, it should be observed immediately that the comment has no official standing. As noted in State v. Profita, 113 N.J.L. 330, 334 (Sup. *436 Ct. 1934), aff'd 114 N.J.L. 334 (E. & A. 1935); and cf. State v. Begyn, 58 N.J. Super. 185, 195 (App. Div. 1959), aff'd 34 N.J. 35 (1961), it had long been the practice to allow an indictment into the jury room.
Defendant calls our attention to State v. Boncelet, 107 N.J. Super. 444 (App. Div. 1969), where, as here, defendant had objected to the indictment going into the jury room before the jury began its deliberations. In that case, however, this court, after stating (at 454) that "ordinarily it would not have been error to send the indictment into the jury room," noted that the objection had been sustained, and the subsequent reading of the indictment to the jury, with the usual cautionary instruction that it was not to consider the indictment as anything more than a mere formal charge and its allegations not evidential in any respect, was not error. A similar cautionary instruction was given in this case. Moreover, there is no allegation or demonstration of any actual prejudice having been visited upon defendant. Although we agree with the comment that sending the indictment into the jury room may, in very special circumstances, have a possible prejudicial effect, we find no error in this case.
Affirmed.